IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 8:07-3631 HFF |
| Plaintiff, | ) | |
| vs. | ) | |
| Charles Lee Allen; Alberta B. Allen; Newberry Federal Savings and Loan; J. P. Morgan Chase Bank as Trustee on behalf of the registered certificateholders of GSAMP Trust 2004-SEA2, Mortgage Pass-Through Certificates, Series 2004-SEA2; Bessie A. Chattman; Frank Allen; and Bobby Hiller and Lucy Hiller, | ) ) ) ) ) ) ) ) | <u>AMENDED DECREE OF FORECLOSURE AND SALE</u> |
| Defendants. | ) | |

  This is an action by the United States of America for the foreclosure of chattel, and other relief, pertaining to property located in Newberry County, South Carolina, which Security Agreement(s) were executed by Charles Lee Allen to the United States of America, acting through the Farmers Home Administration, n/k/a Farm Service Agency, United States Department of Agriculture, an agency of the plaintiff.

  Upon reading the Affidavit of George J. Conits, Assistant United States Attorney, the plaintiff's attorney of record, and after due consideration thereof and the record in the case, I hereby find and conclude as to the plaintiff's First Cause of Action, as follows:

1. This action was commenced by the filing of a Summons and Complaint on November 6, 2007 and the Amended Complaint was filed on June 23, 2008 and service was duly made on the defendants pursuant to law and as shown by the Affidavits of Service and/or other documents on file herein. The defendants, **with the exception of Newberry Federal Savings and Loan and J.P. Morgan Chase Bank**, are now in default. I find that the allegations of the Complaint are true and correct; that the statements contained in the default affidavit are true and correct and are supported by the exhibits of record in the case. The defendant(s), Charles Lee Allen, as of August 4, 2008 is indebted to Plaintiff in the amount of $29,651.89, which amount includes principal and interest, as well as other advances; further, Plaintiff is entitled to daily interest accrual from the above stated date in the amount of $2.7708 for each day, and any advances thereafter paid for preservation of the property, as provided under the terms of the Security Agreement(s). Findings herein as to the amount of judgment are based on and are in reliance upon Plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit C, all on file herein.

2. This Court has jurisdiction of the subject matter and of the parties to this case; and the plaintiff is entitled to have its Security Agreement(s) foreclosed, the chattel sold, and the proceeds applied as set forth herein; said chattel is described as Attachment 1, attached hereto.

3. As between the parties to this action, the plaintiff's Security Agreement(s) constitutes a first lien upon the chattel

hereinabove described.  Defendants, have valid lien(s) upon the security chattel hereinabove described junior to Plaintiff's Security Agreement(s).

4.   The Plaintiff **does seek a deficiency judgment** in this action.

5.   In light of the preceding findings and conclusions, I further find and conclude that Plaintiff is entitled to the relief sought in its Second Cause of Action.

NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

1.   The defendant, Charles Lee Allen, as of August 4, 2008, is  indebted to Plaintiff in the amount of $29,651.89, which amount includes principal and interest, as well as other advances; further, Plaintiff is entitled to daily interest accrual from the above stated date in the amount of $2.77.08 for each day, and other charges accruing thereafter under the terms of the Security Agreement(s).

2.   Plaintiff shall have judgment of foreclosure of its Security Agreement(s) against the defendants, and the defendants and all persons claiming by, through, or under them are hereby forever barred from all right, title, interest and equity of redemption in and to the secured chattel hereinabove described, or to any part thereof.

3.   It is FURTHER ORDERED that the defendant, Charles Lee Allen, be required to assemble and turn over possession of all farm equipment described in the Complaint plus any increases, replacements or substitutions, to Plaintiff within 30 days of notice of the Court's

order for the purpose of a sale of the property by the plaintiff pursuant to Plaintiff's Security Agreements.  The defendant, Charles Lee Allen, may contact the Farm Service Agency, f/k/a Farmers Home Administration, Farm Loan Manger in Newberry County, South Carolina, to arrange a mutually agreeable time to turn over this property.  Alternatively, if the defendant, Charles Lee Allen, fails to comply with the provisions within 30 days as aforesaid, the United States Marshal is directed to take possession of the aforementioned farm equipment and deliver it to the plaintiff for the purpose of sale of the property by Plaintiff pursuant to its Security Agreement(s).  The proceeds of sale shall be applied to the indebtedness of the Farmers Home Administration, n/k/a Farm Service Agency, as set forth and referred to in this Decree of Foreclosure and Sale.

   AND IT IS SO ORDERED.

               S/Henry F. Floyd
               UNITED STATES DISTRICT JUDGE

Spartanburg, South Carolina
October 30, 2008



WE CONSENT:

KORN LAW FIRM, P.A.


By:s/ H. Guyton Murrell
  H. Guyton Murrell
  Attorney for the Defendant
  J.P. Morgan Chase Bank

C/A 8:07-3631 HFF

WE CONSENT:

RICHARDSON, PLOWDEN & ROBINSON, P.A.

By:<u>s/ S. Nelson Weston, Jr.</u>
    S. Nelson Weston, Jr.
    Attorneys for Newberry Federal Savings Bank n/k/a
    First Community Bank

C/A 8:07-3631